**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 09-0460-WS-M** |
| | ) | |
| **SAMUEL EZELL,** | ) | **CRIMINAL NO. 07-0385-WS-M** |
| | ) | |
| Petitioner. | ) | |

**ORDER**

This matter comes before the Court on the Government's Motion to Dismiss (doc. 74) petitioner Samuel Ezell's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  The Magistrate Judge entered a Report and Recommendation (doc. 86) recommending that the Motion to Dismiss be granted and that Ezell's § 2255 Motion be denied pursuant to a binding and enforceable sentence appeal waiver.  Ezell has now filed Objections (doc. 91) to the Report and Recommendation.

**I.      Relevant Background.**

On January 24, 2008, Ezell entered into a Plea Agreement (doc. 38) with the Government, pursuant to which he pleaded guilty to one count of conspiracy to possess with intent to distribute powder cocaine, in violation of 21 U.S.C. § 846.  On July 1, 2008, the undersigned sentenced Ezell to a term of imprisonment of 135 months, to be followed by a 5-year term of supervised release.  Judgment was entered on the docket on August 4, 2008.

Ezell did not pursue a direct appeal; however, he filed his § 2255 Motion on July 27, 2009, alleging that his counsel rendered ineffective assistance at sentencing by (1) failing to object to the two-level enhancement for possession of a firearm, and (2) failing to object to the Court's determination of a base offense level of 34.[1]  Ezell later sought leave to amend his §

---

[1]      The sentencing hearing transcript reflects that Ezell's counsel reached an agreement with the Government before the hearing that the base offense level for Ezell should be 34, with a two-level firearm enhancement and a three-level reduction for acceptance of responsibility, yielding an adjusted offense level of 33.  (Doc. 62, at 44-45.)  The Court adopted this agreement at sentencing, and specifically noted that it was supported by information

2255 Motion to interpose a third ineffective assistance claim, to-wit: that counsel failed to object to drug quantity findings made at sentencing.  (Doc. 81, at 2-3.)  The Magistrate Judge having granted that request, this third claim is also part of Ezell's § 2255 Motion.

The Plea Agreement executed by Ezell included a section captioned "Limited Waiver of Right to Appeal Sentence."  That section states that Ezell "knowingly and voluntarily waives the right to appeal any sentence imposed in this case."  (Plea Agreement, ¶ 20.)  The Agreement further includes language that, subject to certain enumerated "limited exceptions," Ezell "also waives his/her right to challenge any sentence so imposed, or the manner in which it was determined, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255."  (*Id.*, ¶ 21.)  Notwithstanding these waiver provisions, the exceptions delineated in the Agreement specifically provide that Ezell "reserves the right to contest in an appeal or post-conviction proceeding ... [a] claim of ineffective assistance of counsel."  (*Id.*, ¶ 22(c).)

In its Motion to Dismiss, the Government maintains that Ezell's § 2255 Motion is barred in its entirety by the appeal waiver, arguing that Ezell "attempts to circumvent his appellate waiver by recasting barred claims as allegations of ineffective assistance of counsel."  (Doc. 74, at 5.)  According to the Government, Ezell's claims are categorically precluded by the reasoning of *United States v. Williams*, 396 F.3d 1340 (11th Cir. 2005), wherein the Eleventh Circuit opined that allowing a § 2255 petitioner to raise a claim of ineffective assistance in connection with sentencing after he had waived the right to challenge the sentence itself "would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless."  *Id.* at 1342.  The Report and Recommendation deemed the Government's argument persuasive, and recommended dismissal of Ezell's § 2255 Motion on the ground that his "ineffective assistance claims are waived under *Williams*."  (Doc. 86, at 7.)

In his Objections (doc. 91) to the Report and Recommendation, Ezell takes issue with, *inter alia*, the Magistrate Judge's finding that he waived his right to bring these claims in this §

---

contained in the Presentence Investigation Report (which had recommended a base offense level of 38 pursuant to evidence that Ezell was responsible for 125 kilograms of powder cocaine and 15 kilograms of methamphetamine) as well as live testimony at the sentencing hearing.

2255 Motion.

**II.    Analysis.**

This is not the first time the Government has argued that *Williams*, in conjunction with the standard limited sentence appeal waiver language set forth in its plea agreements, forbids a § 2255 petitioner from asserting ineffective assistance of counsel claims relating to sentencing. However, that contention has not been received favorably by at least two judges of this District Court, including the undersigned.

In *United States v. Reed*, 2007 WL 2460757 (S.D. Ala. Aug. 27, 2007), *vacated on other grounds,* 2008 WL 5381442 (11th Cir. Dec. 22, 2008), the Government asserted that *Williams* was fatal to a defendant's § 2255 claims predicated on ineffective assistance of counsel at sentencing because that defendant's plea agreement included a limited sentence appeal waiver much like Ezell's.  Chief Judge Granade rejected this argument on the following basis:

> "A reasoned argument may be advanced that ... a criminal defendant presented with an appellate waiver provision containing an exception for claims of ineffective assistance of counsel could not reasonably be expected to understand that the exception itself contains an implied exception for all ineffective assistance claims related to sentencing, and that such a defendant could not be said to have knowingly agreed to that term.  Due to concern that *Williams* may not apply, the court declines to dismiss defendant's claim of ineffective assistance of counsel at sentencing."

*Reed*, 2007 WL 2460757, at *4 (footnotes omitted).

Several months later, the undersigned reached the same result in *United States v. Westry*, 2007 WL 3287371 (S.D. Ala. Nov. 2, 2007).  In *Westry*, the Court declined to endorse the Government's position that a limited sentence appeal waiver akin to Ezell's barred the petitioner from raising ineffective assistance claims relating to sentencing in a § 2255 motion.  The undersigned found that the Government's reliance on *Williams* was misplaced, and that *Williams* was distinguishable on its face as follows:

> "The difference is that, unlike the *Williams* appeal waiver, Westry's appeal waiver expressly authorized and permitted him to bring claims of ineffective assistance of counsel on collateral review.  Thus, *Williams* is inapposite because of a fundamental, material difference in the underlying agreement.  Having presented Westry with a Plea Agreement that squarely permitted him to bring a § 2255 challenge predicated on ineffective assistance of counsel, the Government cannot now complain that such a theory of relief is waived by operation of that

-3-

Agreement."

*Westry*, 2007 WL 3287371, at *6 (footnote omitted).[2]

Fundamentally, the problem with the notion that *Williams* forbids Ezell from bringing ineffective assistance claims concerning performance of his counsel at sentencing is that the Plea Agreement is ambiguous.  It is well established, of course, that a plea agreement is "a contract between the Government and a criminal defendant."  *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999); *see also United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005) ("Plea bargains, we have recognized, are like contracts and should be interpreted in accord with what the parties intended."); *Allen v. Thomas*, 161 F.3d 667, 671 (11th Cir. 1998) (recognizing that "the construction of plea agreements is governed generally by the principles of contract law") (citation and internal quotation marks omitted).  Likewise, there is no doubt that a defendant, as a condition of his plea agreement, may validly waive his right to appeal, as long as that waiver is knowing and voluntary.  *See, e.g., United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) ("An appeal waiver is valid if a defendant enters into it knowingly and voluntarily. ... We have consistently enforced knowing and voluntary appeal waivers according to their terms.") (citations omitted); *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("An appeal-of-sentence waiver provision is enforceable if the waiver is made knowingly and voluntarily.").

In Ezell's Plea Agreement, there is a tension between Paragraphs 21 and 22(c).  The former provision states that, subject to the exceptions in Paragraph 22, Ezell waives his right to challenge a sentence, or the manner in which it was determined, via § 2255 motion.  However, the latter provision contains an express carve-out preserving Ezell's right to bring "[a] claim of ineffective assistance of counsel" in a § 2255 proceeding.  Perhaps the Government, as drafter of the Plea Agreement, intended the Paragraph 22(c) exception to encompass only a subset of the

---

[2]     *Westry* is not alone in distinguishing *Williams* on this basis.  For example, in *Shoemaker v. United States*, 2007 WL 2230960 (M.D. Ala. Aug. 1, 2007), Chief Judge Fuller of the Middle District of Alabama "disagree[d] with the government that Petitioner's ineffective assistance argument is barred by the plea agreement," and discounted the government's reliance on *Williams* because "the waiver in *Williams* did not include an exception for ineffective assistance of counsel claims."  *Shoemaker*, 2007 2230960, at *1 & n.1.

universe of potential ineffective assistance claims (*e.g.*, claims of ineffective assistance in connection with the negotiation or entry of a guilty plea or plea agreement), but not to embrace claims of ineffective assistance pertaining to sentencing.  But that's not what the Plea Agreement says.  Indeed, the Plea Agreement prepared by the Government and executed by Ezell does not on its face impose any limitations on the kinds of ineffective assistance claims that are permissible; rather, it would appear to preserve the entire spectrum of ineffective assistance claims for appellate review or collateral attack.  So how could Ezell reasonably have been expected to know that, in signing the Plea Agreement, he was relinquishing the right to pursue § 2255 claims pertaining to ineffective assistance of counsel at sentencing, notwithstanding the unqualified language in Paragraph 22(c) reserving his right to bring ineffective assistance claims without limitation?  How could anyone looking at the Plea Agreement ascertain whether and where a line of demarcation exists between permitted and proscribed ineffective assistance claims?  Because of this ambiguity, Ezell could not reasonably have known that the Government's intent in drafting Paragraph 22(c) was to authorize some kinds of ineffective assistance claims but not others (assuming that is in fact what the Government intended).  If Ezell could not reasonably have known that he was waiving ineffective assistance of counsel claims relating to sentencing, despite Paragraph 22(c)'s broad language to the contrary, then his purported waiver of those claims cannot possibly be knowing and voluntary, as required for the waiver to be enforceable.

In so concluding, the Court is not insensitive to the concerns identified by the *Williams* panel and the Government's Motion to Dismiss.  The undersigned is keenly aware that if a defendant may "circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance," then the waiver is effectively rendered "meaningless."  *Williams*, 396 F.3d at 1342.  But this Court is no more empowered to rewrite the terms of Ezell's Plea Agreement more than a year after the fact in a manner that favors the Government than it is to rewrite contracts between private litigants.  By drafting the Paragraph 22(c) exception to the sentence appeal waiver in such unqualified terms that it appears to allow all ineffective of assistance claims to survive for § 2255 purposes, the Government has

-5-

exposed itself to the very vulnerability against which the *Williams* court cautioned.[3]  Ezell cannot be faulted for availing himself of the ambiguity in his Plea Agreement by bringing ineffective assistance claims relating to his sentencing, when Paragraph 22(c) would on its face authorize him to do just that.

**III.   Conclusion.**

For all of the following reasons, the Court agrees with Ezell that his ineffective assistance of counsel claims relating to his sentence hearing are not barred by operation of the limited sentence appeal waiver and *Williams*.  Accordingly, the Court declines to adopt the Report and Recommendation, and **denies** the Government's Motion to Dismiss (doc. 74).  Because there has been no briefing or recommendation concerning the merits of Ezell's § 2255 Motion, this case is **referred** to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this 19th day of November, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]      The *Williams* plea agreement did not contain any provision similar to Paragraph 22(c), nor did it otherwise carve out ineffective assistance claims of any stripe from the scope of the sentence appeal waiver.  Appellate briefs submitted in *Williams* confirm that the waiver in that case was worded as follows: "The defendant ... expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, ... except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines."  *Williams v. United States*, 2004 WL 3399641, *2 (Appellate Brief).  The Government could have utilized similar waiver language in Ezell's Plea Agreement, but instead elected to include broader and more problematic exceptions to the waiver than were found in the *Williams* agreement.