IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-0385-WS |
| | ) | |
| SAMUEL EZELL, | ) | CIVIL NO. 09-0460-WS |
| | ) | |
| Petitioner. | ) | |

**ORDER**

This closed postconviction action brought by a federal prisoner comes before the Court on petitioner Samuel Ezell's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 60(b) (doc. 151).

**I.      Relevant Background.**

On January 24, 2008, Ezell entered a plea of guilty to the charge of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. (*See* docs. 38, 40.) At a sentencing hearing conducted on July 1, 2008, the undersigned imposed a low-end Guidelines sentence of 135 months. Although Ezell did not directly appeal his conviction or sentence, he timely filed a § 2255 petition collaterally attacking his sentence. As subsequently amended, Ezell's § 2255 petition articulated the following three grounds for relief, all challenging the performance of Arthur J. Madden, III, his attorney at the time of his guilty plea and sentencing: (i) ineffective assistance of counsel at sentencing hearing for failure to object to a two-level gun enhancement; (ii) ineffective assistance of counsel at sentencing hearing for failure to object to the drug quantity from which Ezell's base offense level was computed; and (iii) ineffective assistance of counsel in failing to file an appeal after Ezell asked him to do so.

With respect to the third ground for relief, Magistrate Judge Milling conducted an evidentiary hearing on November 30, 2010, to resolve the credibility dispute between Ezell and Madden concerning whether Ezell asked him to file an appeal. Judge Milling appointed new counsel (W. Gregory Hughes) to represent Ezell at that hearing. At no time did Ezell object to the appointment of Hughes or express a desire to represent himself in connection with the hearing or the filing of post-hearing objections. Following the hearing, the Magistrate Judge

entered a Report and Recommendation (doc. 143) concluding that Ezell's claims of ineffective assistance relating to the firearm enhancement and drug quantity were meritless because the objections that Ezell faulted Madden for not raising at sentencing would have been futile. As for counsel's failure to file an appeal, the Magistrate Judge credited Madden's testimony that Ezell had never asked or instructed him to file an appeal, and further found that Madden had no reason to believe that an appeal was warranted, necessary or desirable. On that basis, the Magistrate Judge recommended that Ezell's § 2255 petition be denied in its entirety.

Hughes filed objections on Ezell's behalf to the Report and Recommendation, focusing specifically on the failure-to-appeal issue rather than the facially baseless firearm and drug quantity issues. Again, Ezell did not object to Hughes' submission or notify the Court that he would prefer to represent himself with respect to preparing a written response to the Report and Recommendation. On February 28, 2011, the undersigned entered an Order (doc. 147) overruling Ezell's objections, adopting the Report and Recommendation, denying the § 2255 motion in its entirety, and terminating Hughes' appointment. Ezell never filed an appeal from the denial of his § 2255 Motion.

## II.     Analysis.

On June 10, 2011, more than three months after his § 2255 petition was denied, Ezell filed a 26-page Motion to Reconsider. As best the Court can discern from this rambling submission, Ezell's grounds for reconsideration are as follows: (1) Ezell's First and Sixth Amendment rights to self-representation and access to the courts were violated when the U.S. Marshal's Office did not promptly return him to his previous place of incarceration after the evidentiary hearing, instead leaving him in a facility where there was no law library, such that he was unable to prepare and file his own objections to the Report and Recommendation; (2) Ezell wishes to lodge objections to the firearm and drug quantity issues in the Report and Recommendation, yet Hughes failed to present such objections on his behalf; (3) the Report and Recommendation failed to address Ezell's claim for relief alleging ineffective assistance of counsel for not objecting to the Government's breach of his plea agreement; (4) Ezell was entitled to postconviction relief because he was charged with conspiracy to attempt to possess with intent to distribute cocaine, which is not a crime; and (5) Ezell was entitled to § 2255 relief because, contrary to the findings of the Report and Recommendation and the February 28 Order, he did tell Madden to file a direct appeal on his behalf. None of these objections have merit.

First, Ezell's suggestion that his rights to self-representation and access to the courts were violated is frivolous. Ezell enjoyed the benefit of court-appointed counsel during the evidentiary hearing, and for purposes of filing written objections to the Report and Recommendation. Petitioner had no right to hybrid representation during that interval (*i.e.*, to supplement his lawyer's objections to the Report and Recommendation with a separate set of objections of his own creation). *See generally United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987) ("It is the law of this circuit that the right to counsel and the right to proceed *pro se* exist in the alternative …."). Had Ezell wished to represent himself at the evidentiary hearing and in response to the Report and Recommendation, it was incumbent on him to invoke that right in a timely and unequivocal manner. *See, e.g., Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982) ("In order for a defendant to represent himself, he must knowingly and intelligently forego counsel, and the request must be clear and unequivocal.") (citations and internal quotation marks omitted). Indeed, "the right of self-representation does not attach until asserted." *Gill v. Mecusker*, 633 F.3d 1272, 1294 (11th Cir. 2011) (citations omitted). A corollary to this principle is that "the right of self-representation can be waived by defendant's mere failure to assert it." *Brown*, 665 F.2d at 610-11; *see also Anderson v. United States*, 948 F.2d 704, 706 n.3 (11th Cir. 1991) (noting that defendant may waive right to proceed *pro se* in a § 2255 proceeding). Ezell's Rule 60(b) Motion marks the first time that petitioner ever indicated that he wished to represent himself for purposes of objecting to the Report and Recommendation, rather than utilizing the services of his court-appointed lawyer for that process. This assertion comes far too late. Ezell waived his right to self-representation by acquiescing to the assistance of counsel at the evidentiary hearing and in preparation and submission of objections to the Report and Recommendation. The time for saying that he preferred to represent himself in that endeavor is long past. Therefore, he cannot obtain relief under Rule 60(b) on the basis of an alleged violation of that right.[1]

---

[1] Likewise, petitioner's suggestion that his right of access to the courts was somehow compromised because of a delay in returning him to his prior place of incarceration after the evidentiary hearing is devoid of merit. His lawyer was fully able to perform any necessary research, prepare and file objections on Ezell's behalf, and access the courts for him during this time period.

Ezell's contention that he wishes to interpose objections to the denial of his firearm and drug quantity grounds for relief is likewise devoid of merit. Recall that Ezell's § 2255 petition maintained that Madden rendered constitutionally ineffective assistance by failing to object to a two-point sentencing enhancement for possession of a firearm, pursuant to § 2D1.1(b)(1) of the Sentencing Guidelines. But Ezell expressly admitted in the factual resume to his plea agreement that a fully loaded .40 caliber semi-automatic pistol was in the center console of his vehicle at the time that he arrived in it to complete a transaction to purchase 30 kilograms of cocaine, for which he and his co-conspirator were carrying more than $280,000 in U.S. currency. (Doc. 38, at 16-18.) Likewise, evidence presented at sentencing showed that Ezell was accountable for literally hundreds of kilograms of cocaine, such that there was absolutely a sufficient basis in fact for assigning Ezell a base offense level of 34 (which equates to 15 to 50 kilograms of cocaine). In fact, Ezell admitted that he was en route to purchase 30 kilograms of cocaine at the time of his arrest. (Doc. 38, at 16-18.) Under the circumstances, counsel cannot have been ineffective for raising what would have been meritless objections to the firearm enhancement and drug quantity / base offense level calculation, both of which had a firm factual basis in Ezell's own admissions. *See, e.g., Cave v. Secretary for Dep't of Corrections*, 638 F.3d 739, 755 (11th Cir. 2011) ("counsel cannot be labeled ineffective for failing to raise issues which have no merit") (citation omitted).

Next, Ezell asserts that he should be granted Rule 60(b) relief because the Report and Recommendation recommended the denial of his § 2255 petition "without mentioning or addressing the issue of the Government's breach of the Rule 11 plea bargain with Ezell." (Doc. 151, at 10.) The Report and Recommendation did not address this issue because petitioner did not fairly raise it. Nowhere in his original § 2255 petition (doc. 68) or in his amendment (doc. 81) did Ezell articulate what he is now calling his "Fourth Ground" for relief, to-wit: that Madden provided ineffective assistance in failing "to object to the Government's Breach of the Rule 11 plea agreement by enhancing Ezell above and beyond what Ezell had pled guilty to in the plea bargain." (Doc. 151, at 14.) This omission is significant, because there are stringent limitations on habeas petitioners' ability to rely on Rule 60(b) motions to circumvent statutory restrictions on second or successive § 2254 or § 2255 petitions. Interpreting the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), the Eleventh Circuit has explained that "Federal Rule of Civil Procedure 60 provides a basis, but

only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). The law is clear that "a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." *Id.* at 1293-94 (quoting *Gonzalez*, 545 U.S. at 532). Here, Ezell is attempting to utilize his Rule 60(b) Motion to interpose a new ground for relief (*i.e.*, the claim that Madden was constitutionally ineffective in failing to object to the Government's alleged breach of the plea agreement), such that it is, in actuality, a successive § 2255 petition.

"When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in *Gonzalez*, it must comply with the requirements for such petitions under the AEDPA." *Williams*, 510 F.3d at 1294. "The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *see also In re Joshua*, 224 F.3d 1281 (11th Cir. 2000) ("Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris*, 333 F.3d at 1216. Ezell has failed to comply with the requirement that he obtain prior authorization from the appellate court to submit this second or successive petition. Nor can he circumvent this requirement by labeling his successive § 2255 motion as a Rule 60(b) request. Therefore, his Motion filed nominally under Rule 60(b) is **denied** for lack of jurisdiction insofar as it seeks to interpose a brand-new claim of ineffective assistance by counsel in failing to object to a breach of Ezell's plea agreement.[2]

---

[2] Even if Ezell had properly raised this ground for relief, it would be denied on the merits. There is no evidence, and no rational basis for arguing, that the Government breached the plea agreement in this case. Nowhere in the plea agreement did the Government promise not to seek to enhance Ezell's sentence based on relevant conduct or his possession of a firearm. Indeed, the Plea Agreement specifically conferred upon the Government the right to "provide all relevant sentencing information to the Probation Office" including "all facts and circumstances of this case and information concerning the defendant's conduct and background." (Doc. 38, at 4.) That Agreement further specified that the United States was "free to allocate fully at the time of sentencing," and that Ezell understood that he had no right to be sentenced "below or within any particular guideline range." (*Id.*) Certainly, nothing in that Plea Agreement forbade the
(Continued)

Ezell's Rule 60(b) Motion is also peppered with suggestions that he is entitled to relief because the offense to which he pleaded guilty was that of conspiracy to attempt to possess with intent to distribute cocaine, which is not a crime. In other words, Ezell attempts to seize on his recent discovery of what appears to be a technical defect in the wording of the indictment. As with his claim concerning breach of the plea agreement, this defective indictment claim is a brand-new ground for relief that Ezell never articulated until his Rule 60(b) Motion. Such a new ground for relief cannot properly be submitted via Motion to Reconsider, but must be presented in the form of a second or successive petition, which Ezell has neither requested nor received permission from the appellate court to file.

Finally, Ezell's Motion to Reconsider incorporates arguments that the Court should have decided credibility issues in his favor with respect to his claim that he asked Madden to file an appeal on his behalf. These contentions have already been thoroughly considered and rejected by this Court in the context of Ezell's objections to the Report and Recommendation. A Motion to Reconsider is not a proper platform for asserting them anew; indeed, the law is clear that Rule 60(b) cannot be used to relitigate previously rejected arguments. *See, e.g., Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (citation and internal quotation marks omitted); *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005) ("In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly."); *In re Telfair*, 745 F. Supp.2d 536, 561 (D.N.J. 2010) ("mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process"). Because that is precisely what Ezell seeks to do here with respect to his argument that counsel failed to file an appeal on his behalf, his Rule 60(b) Motion is improper on that basis as well.

---

Government from presenting evidence of relevant conduct for drug quantity calculation purposes, or from relying on Ezell's admissions in the factual resume that he was in possession of a firearm and was attempting to close a purchase of 30 kilograms of cocaine during the offense conduct. Under the circumstances, it would have been frivolous for Ezell's counsel to argue at sentencing or on direct appeal that the Government's actions amounted to a violation of the plea agreement. There was no ineffective assistance of counsel here.

**III. Conclusion.**

For all of the foregoing reasons, Ezell's Motion for Reconsideration (doc. 151) is **denied**. To the extent that Ezell seeks a Certificate of Appealability to appeal this ruling, or wishes to appeal *in forma pauperis*, those requests are both **denied** for the reasons set forth herein.

DONE and ORDERED this 6th day of July, 2011.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE