IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 07-0385-WS |
| | ) |
| SAMUEL EZELL, | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

    This matter comes before the Court on defendant Samuel Ezell's filing styled "Petition to Correct a Clerical Error Pursuant to Rule 36" (doc. 184).  The focal point of Ezell's Petition is language in the Judgment entered on August 1, 2008, reflecting that Ezell's offense of conviction was "conspiracy to possess with intent to distribute cocaine."  (Doc. 61, at 1.)  Ezell maintains that it is "unequivocally clear" that the Clerk of Court made an "inadvertent error" in preparing the Judgment, inasmuch as the Indictment charged him with conspiring "to *attempt* to possess with intent to distribute … more than 5 kilograms of cocaine."  (Doc. 12, at 1 (emphasis added).)  Ezell says the Clerk of Court's omission of the word "attempt" from the offense of conviction in the Judgment was an obvious clerical error which he seeks to have corrected at this time pursuant to Rule 36, Fed.R.Crim.P.

    Ezell's characterization of the cited language in the Judgment as a mere "clerical error" is both incorrect and unsupportable.  In fact, the written Judgment is consistent with the terms of the Plea Agreement, the Factual Resume, the Presentence Investigation Report, the guilty plea colloquy, and the Court's oral pronouncement at the sentencing hearing.  As an initial matter, the written Plea Agreement (doc. 38) signed by both Ezell and his counsel of record confirms Ezell's express understanding that he "pleads guilty to Count 1 of the Indictment, charging a violation of 21 United States Code, Section 846, ***Conspiracy to possess with intent to distribute powder cocaine***."  (Doc. 38, ¶ 2 (emphasis added).)  In the accompanying Factual Resume, Ezell agreed that, for the conspiracy offense he was charged with committing, the Government must prove that "the object of the unlawful plan was to possess with intent to distribute more than 5 kilograms of cocaine, as charged" (doc. 38, at 13), not to attempt to possess with intent to

distribute more than 5 kilograms of cocaine.  Likewise, the Presentence Investigation Report reflected that the offense of conviction was "Count One: Conspiracy to Possess with the Intent to Distribute Cocaine."  (Doc. 55, at 1.)

These written descriptions of the offense of conviction were reinforced by on-the-record discussions relating to Ezell's guilty plea and sentencing proceedings.  During the guilty plea colloquy, Ezell acknowledged his understanding that he was pleading guilty to a conspiracy count as to which "the object of the unlawful plan was to possess with intent to distribute more than five kilograms of cocaine."  (Doc. 67, at 12-13.)  At the sentencing hearing, the Court addressed Ezell as follows: "Mr. Ezell, you're here today for a sentencing hearing following entry of guilty plea on January 24, 2008, also to Count One of the indictment charging conspiracy to possess with intent to distribute cocaine."  (Doc. 62, at 44.)  The point is straightforward:  Whatever else it may or may not have been, the omission of the word "attempt" from the Judgment in this case was unquestionably not a mere clerical error or inadvertent mistake by the Clerk's Office staff who prepared the Judgment.  To the contrary, the language of the Judgment exactly tracked the description of Ezell's offense of conviction in the Plea Agreement, the Factual Resume, the Presentence Investigation Report, the guilty plea hearing and the sentencing hearing.  To change the Judgment as Ezell now suggests would not conform it to other record materials, but would instead create an inconsistency that does not now exist.

Ezell contends that he is entitled to relief under Rule 36 of the Federal Rules of Criminal Procedure; however, that rule is quite narrow.  On its face, Rule 36 merely authorizes district courts "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Rule 36, Fed.R.Crim.P.  "It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence."  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (citation and internal quotation marks omitted); *see also United States v. Cordon*, 632 Fed.Appx. 990, 992 (11th Cir. Dec. 1, 2015) ("Rule 36 may not be used to make substantive changes to a defendant's sentence; it may be used to correct only mistakes that are minor or mechanical in nature."); *United States v. Pryor*, 631 Fed.Appx. 844, 846-47 (11th Cir. Nov. 19, 2015) (affirming denial of Rule 36 motion where movant "sought a 'substantive alteration' of his criminal sentence," but "Rule 36 is not an appropriate mechanism for raising such substantive challenges").  Ezell's Petition is not requesting that a clerical error or a minor or mechanical mistake be corrected.  Instead, he is

-3-

asking that the description of his offense of conviction be rewritten in the Judgment in a manner that would conflict with the Plea Agreement, the Factual Resume, the Presentence Investigation Report, the guilty plea hearing and the sentencing hearing.  This kind of substantive revision of the offense for which Ezell was convicted and sentenced in 2008 lies beyond the purview of Rule 36.  Accordingly, Ezell's Petition to Correct a Clerical Error Pursuant to Rule 36 (doc. 184) is **denied**.

DONE and ORDERED this 17th day of May, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE